21-6564
Moller v. Garland

BIA
Hochul, IJ
A087 644 855

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-four.

PRESENT:
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
        MYRNA PÉREZ,
                *Circuit Judges.*
_____

ANDELINE JOAN FREDELINE
MOLLER,
        *Petitioner*,

        v.                                                    **21-6564**
                                                              **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**    Jose Perez, Esq., Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Andeline Joan Fredeline Moller, a native and citizen of Namibia, seeks review of a September 22, 2021 decision of the BIA affirming an April 5, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moller*, No. A087 644 855 (B.I.A. Sept. 22, 2021), *aff'g* No. A 087 644 855 (Immigr. Ct. Buffalo Apr. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the

BIA.[1] *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum

It is undisputed that Moller filed her application in 2017, more than one year after her most recent entry into the United States in 2009. Under 8 U.S.C. § 1158(a)(2)(B), an applicant is ineligible for asylum unless she "demonstrates by clear and convincing evidence" that her application was filed "within 1 year after the date of [her] arrival in the United States." An application "may be considered" outside the one-year deadline if the applicant demonstrates "changed circumstances which materially affect the applicant's eligibility for asylum." *Id.* § 1158(a)(2)(D); *see also Matter of D-G-C-*, 28 I. & N. Dec. 297, 300 (B.I.A. 2021) (interpreting the statute to require that the applicant's circumstances be

---

[1] Moller's arguments about nexus to a protected ground, internal relocation, and government responsibility for past and feared harm—issues the BIA did not reach—are thus misplaced.

"qualitatively different" and that this difference "must significantly affect the applicant's eligibility for asylum").

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1158(a)(3). A question of law may arise where "facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

Moller, who alleged a series of politically motivated violent acts against herself, her family, and her friends beginning in the 1960s, argues that the agency ignored or mischaracterized evidence as to a material change in circumstances excusing the untimely filing. Although the agency did not expressly discuss all of Moller's allegations, we do not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (citation omitted). Moller's contention that the agency overlooked or mischaracterized significant evidence is further unavailing because the agency expressly considered

dramatic recent events and whether they reflected a change in circumstances that materially affected Moller's eligibility for asylum. Accordingly, the petition is dismissed for lack of jurisdiction with respect to the denial of asylum.

## II. Withholding of Removal and CAT Relief[2]

An applicant has the burden to establish her eligibility for withholding of removal and CAT relief. *See* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 1208.16(b), (c)(2). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2). Accordingly, "in some cases . . . an applicant may be generally credible but [her]

---

[2] The BIA erred in finding that Moller waived her CAT claim: the IJ denied CAT relief because Moller failed to satisfy the lesser burden for withholding of removal; thus, Moller's appellate arguments challenging the denial of withholding necessarily challenged the sole basis for the denial of CAT relief. Remand to correct that error is unnecessary because, for the reasons discussed below, Moller failed to satisfy her burden to show a likelihood of persecution, which is a lesser degree of harm than torture. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *see also Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is futile when the agency "articulates an alternative and sufficient basis for [its] determination" (citation omitted)).

testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of [her] claim of crucial facts if [she] fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529–30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden of proof, either because it is unpersuasive or because it [does] not include specific facts sufficient to demonstrate that the applicant is a refugee" (internal quotation marks and citation omitted)). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Thus, a lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See id.*; *Wei Sun*, 883 F.3d at 27–28. Before denying a claim based solely on an applicant's failure to provide corroborating evidence, the IJ must, either in his or her decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the

6

applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31. Where the IJ has identified the missing evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Moller argues that her credible testimony was sufficient to satisfy her burden for withholding of removal and CAT protection. However, as noted, the agency is entitled to require reasonably available corroborating evidence even for credible testimony. *Wei Sun*, 883 F.3d at 28. The agency identified specific missing documentation: statements from Moller's siblings, or other evidence that she and her relatives were assaulted and that any of her deceased relatives were intentionally killed. The only statement from a sibling in the record is an undated and unsworn statement from one of Moller's twelve surviving siblings, who did not mention many of Moller's allegations of past harm (e.g., that their aunt and one of their brothers were beaten to death in their homes in 2016 and 2017, and that one of their cousins was killed by poisoning in their mother's home in 2016), and did not explain the basis for her knowledge of the events that she did mention. While Moller also presented statements from her husband and son, they

7

principally addressed Moller's father's 1989 death and did not claim personal knowledge of that event; they did not mention the alleged murders and assaults of Moller's other relatives in 2016 and 2017. The agency reasonably required statements from other siblings and concluded that such statements were reasonably available, given evidence that Moller's siblings are all well-educated and her testimony that they have a close relationship, she learned of some events underlying her claims from siblings who did not provide statements, and one or more of those siblings attempted to obtain other supporting documents on her behalf. Moller does not argue here that such statements were not reasonably available, or that she was not given a fair opportunity to explain their unavailability.

There was no other evidence corroborating Moller's allegation that she and her relatives were intentionally harmed: news reports about her father's death reflected that he was a well-respected figure who died in a car crash, his death certificate stated the cause of death was then under investigation, and Moller did not provide additional evidence corroborating the allegations about harm to herself or other members of her family.[3] Other records related to Moller's

---

[3] Moller asserts here that she presented evidence that an expert determined that

8

mother—who died of natural causes—show that she was a well-known figure and do not mention persecution. While Moller alleged that three family friends were murdered, she did not corroborate her family's connection to those individuals, and there was no corroboration that one of the victims died or that another was intentionally killed. Further, the country conditions evidence was not consistent with Moller's assertion of multiple politically motivated murders committed on behalf of the Namibian government in 2016 and 2017, as the U.S. State Department Reports for 2016 through 2018 recorded no instances of arbitrary or unlawful killings by the government or its agents during that period.

In sum, the agency did not err in concluding that Moller failed to satisfy her burden to show that she suffered past persecution or will more likely than not be persecuted or tortured in the future because she did not corroborate significant aspects of her claim, and the record does not compel the conclusion that corroborating evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4); 8 C.F.R. §§ 1208.16(b)–(c), 1208.17; *see also* 8 U.S.C. § 1231(b)(3)(A); *Wei Sun*, 883 F.3d at 28.

For the foregoing reasons, the petition for review is DISMISSED IN PART

---

her brakes failed because of intentional tampering. The only evidence to that effect, however, was Moller's own testimony about what a mechanic said to her.

9

and DENIED IN PART.  All pending motions and applications are DENIED and

stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
